*E-Filed 12/29/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROY BRIDGEFORTH, | No. C 11-4331 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| BEN CURRY, et al., | |
| Defendants. | |

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Plaintiff admits that he filed no administrative grievances regarding the claims he presents in the complaint. Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

To exhaust properly administrative remedies in California state prisons, inmates must proceed through a four-step process, which consists of (1) an informal attempt at resolution; (2) a first-level formal appeal; (3) a second-level appeal to the institution head; and (4) an appeal to the Director of the California Department of Corrections and Rehabilitation. *See* 15 Cal. Code Regs. § 3084.5.

Plaintiff admits that he has not exhausted his grievances prior to filing the instant action. Accordingly, the action is hereby DISMISSED without prejudice on grounds of nonexhaustion. Plaintiff may refile his action after having properly exhausted his claims through the inmate grievance procedure at his penal institution. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: December 29, 2011

_____
RICHARD SEEBORG
United States District Judge